WILKINSON, GADDIS & COMPANY (A CORPORATION) v. AUGUST MARKERT.

Submitted July 5, 1900—Decided November 12, 1900.

1. Discovery in aid of execution may be ordered against a judgment debtor of unsound mind.

2. The examination of witnesses under an order for discovery, in aid of execution, made against a judgment debtor of unsound mind, disclosed that his guardian had received from the executors of a will under which he had an interest a payment on account of his share of the unsettled estate. No proof in discharge was offered except the general testimony of the guardian, without details or vouchers, that his disbursements aggregated a sum that would exceed the ward's interest in the whole estate. *Held,* that a proper case was made for the appointment of a receiver who could have a standing to be heard on the accountings.

On *certiorari.*

The plaintiff recovered a judgment for $592.39 in the Circuit Court of the county of Hudson against the defendant, a person of unsound mind, for whom an attorney was appointed by the court. Execution was issued and returned unsatisfied. Upon due petition, an order for discovery was made, under which, on notice to the general guardian and the judgment debtor, and after an appointment of the same attorney to defend the proceeding, examination of witnesses was had before the judge who made the order. It was proved that the guardian had received from the executors of the will of Kunegunda Markert, the deceased mother of his ward, the sum of $799, and one of the executors testified that there were still undistributed assets of the mother's estate, consisting of household furniture and mortgages for $3,500, and that the judgment debtor was entitled, under the will, to one-eighth of the estate, which had never been settled. The guardian, on reference to a private account not offered in evidence, testified that he had expended for his ward $1,519.59, the excess of disbursements above receipts having been contributed by the family, and that there was an understanding with the executors that such advances should be paid out of the ward's share in his mother's estate when determined on final accounting. The plaintiff was debarred inquiry into the expenditures claimed to have been made by the guardian, on the ground that such an inquiry could only be had in the Orphans' Court. The examination being concluded, the plaintiff applied for a receiver and was denied, by the following order now removed to this court:

"It is hereby ordered that the application for a receiver of the property and things in action of said August Markert, pursuant to the prayer of the petition for discovery, filed in this cause, be and the same is hereby refused, on the ground that proceedings are now being taken in the Orphans' Court, by counsel appointed by the court to attend and look after the rights of the lunatic and his guardian, as to whether, upon settlement of the accounts there in that court, any money is in the hands of the lunatic or his guardian, or any person or persons for him as executors of Kunegunda Markert, from whom any funds are to come."

Before Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Skinner & Ten Eyck.*

For the defendant, *Marshall Van Winkle.*

The opinion of the court was delivered by

COLLINS, J.    The statute on which rests the right to discovery in aid of execution (*Gen. Stat., p.* 1419) enacts (section 26) that, after considering the evidence taken under the order for discovery, it shall be lawful for the judge to make order appointing a receiver of the property or things in action belonging or due to or held in trust for the judgment debtor at the time of the issuing of the execution or at any time afterward, and (section 27) that in case no such property or thing in action shall be discovered, the petition of the judgment creditor shall be dismissed.    The anomalous order made in the case in hand was entirely unauthorized.    We proceed to inquire, therefore, what order should have been made, for by section 29 of the act this court is required, upon *certiorari,* to make such order.

It is objected *in limine* that an order for discovery in aid of execution cannot be made against a judgment debtor of unsound mind.    This objection is without foundation.    Lunatics are suable in the same way as other persons.    The court protects their rights by assigning one of its attorneys to defend

them. *Van Horn* v. *Hann,* 10 *Vroom* 207. This was done in the present case, in the original suit, in which judgment was rendered, and in the proceeding on the petition for discovery.

Of course, the lunatic cannot be examined, but the debtor's personal examination is not necessary in any case. Relief may be awarded on other testimony. *Colton* v. *Bigelow,* 12 *Vroom* 266; *Seyfert* v. *Edison,* 18 *Id.* 428, 431.

It is next urged that the appointment of a receiver is discretionary and the action of the judge not reviewable. The discretion to appoint or deny a receiver is legal, not arbitrary. The judge cannot lawfully refuse to appoint a receiver if there be presented to him competent evidence of assets. *Journeay* v. *Brown,* 2 *Dutcher* 111; *Colton* v. *Bigelow, ubi supra.*

In the case in hand the examination brought before us, by virtue of section 29 of the act, discloses no assets except an eighth interest in the estate of the lunatic's mother. It is urged that neither such interest nor its nature was proved, because the will was not legally in evidence, but the proof on that subject was satisfactory to the judge, as his order evinces. No objection was taken that the proof was too meager to be effectual. Had it been, the defect could have been supplied. It *was* proved that the executors of the mother's will had made to the guardian of the lunatic a payment on account of his interest in his mother's estate, and that they held undistributed assets pending final accounting. This put upon the lunatic's representatives the burden of disproof of a *prima facie* case. This burden was not borne by any competent evidence, and the plaintiff's effort to probe the general testimony of discharge that ·was given was frustrated by the judge's relegation of the inquiry to the Orphans' Court. A receiver should have been appointed, if for no other reason than to have someone with a standing to present exceptions and be heard in that court. The same may be said with respect to the claim that the arrangement with the executors for reimbursement for advances for the lunatic's support is an equitable assignment of his interest in the estate. The judge, on an application for receiver, should not decide col-

lateral questions of fact or law; but, if there be dispute, should appoint a receiver, that he may present those questions appropriately for decision. *Colton* v. *Bigelow, ubi supra.*

Let the order under review be set aside, and let an order be made in this court appointing a receiver in conformity with the statute.